**No. 24-6332**

---

**In the United States Court of Appeals
for the Ninth Circuit**

---

PENNY QUINTEROS, AKA TwoCents,
Plaintiff-Appellant,

v.

INNOGAMES; HENDRICK KLINDWORTH; MICHAEL ZILLMER; JULIE
BLAN, AKA JILL; RICHARD STEPHENSON,
Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Washington, No. 19-cv-01402-RSM
Ricardo S. Martinez, District Judge

---

**APPELLEES' OPPOSITION TO APPELLANT'S MOTION TO SEAL
CASE OR PROCEED UNDER PSEUDONYM**

---

Diana Siri Breaux
SUMMIT LAW GROUP, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
(206) 676-7000
dianab@summitlaw.com

Alan Behr
PHILLIPS NIZER LLP
485 Lexington Avenue
New York, NY 10017
(212) 977-9700
abehr@phillipsnizer.com

*Counsel for Defendants-Appellees*

## PRELIMINARY STATEMENT

Plaintiff-Appellants' motion asks this Court for relief from her own public disclosures. For example, Plaintiff-Appellant published the photograph at the heart of the motion (the "Selfie") when she received a copyright registration for it, in her own name, from the Copyright Office.  Indeed, Defendants-Appellees were able to retrieve a copy of the Selfie from the Copyright Office simply by identifying Plaintiff-Appellant as the author.  The Selfie is not an "intimate image"—it depicts a woman's torso in an opaque teal sports bra topped by an obscene message directed at multiple unnamed parties.  Just as Plaintiff-Appellant herself put the "Selfie" in the public domain via the Copyright Office, in this litigation she has thrust her own conduct in the game Forge of Empires, including her obscene language and harassment of other players, into the public domain through her court filings. Now she claims that her own Selfie and litigation conduct have so bashed her reputation that she should be permitted to "cloak" her identity (in the Ninth Circuit but not at the Copyright Office) by requesting to proceed in this case under a pseudonym or to seal the entire case.

The motion should be denied as an improper, untimely appeal.  Plaintiff-Appellant purports that the motion should be construed as an appeal of the District Court's initial order, issued in 2019, which denied Plaintiff-Appellant's request to proceed under a pseudonym.  Mot. at 2:4-5.  Plaintiff-Appellant never filed a notice

1

of appeal of that Order. Plaintiff-Appellant also fails to mention that she also filed a motion to seal the Selfie with the District Court. That motion, too, was denied, in an Order dated July 22, 2024. Plaintiff-Appellant did not file a notice of appeal of that Order either, but now asks this Court to provide her with the extraordinary remedy of sealing the entire case. Plaintiff-Appellant's failure to timely notice these appeals deprives this Court of jurisdiction over the entire issue. Even if Plaintiff-Appellant had timely filed such documents, as explained in greater detail below, the motion would still be jurisdictionally barred as it does not fit within the collateral order exception to the final decision rule.

Substantively, Plaintiff-Appellant is not entitled to proceed under a pseudonym pursuant to the below five factors set forth by this Court in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) and its progeny. First, the severity of the threatened harm is insufficient. Plaintiff-Appellant's complaints of online harassment and reputational harm do not rise to the level of severity required to justify anonymity, particularly as she voluntarily participates in the online community where the alleged harassment occurs. Second, Plaintiff-Appellant's fears about what might happen to her are speculative and driven by her decision to file this suit. Her claims regarding a withdrawn job offer are based on no reported evidence in the slightest, and her general fears about reputational harm ignore that she chose to file this lawsuit while she was a law

2

student and aspiring lawyer. Third, as an attorney, Plaintiff-Appellant does not fall within the class of vulnerable individuals that this factor aims to protect, such as children or long-term prison inmates. Finally, the public's interest in open judicial proceedings outweighs Plaintiff-Appellant's desire for anonymity.

This Court should also deny the request that the Court seal the entire case. Plaintiff-Appellant has not provided a "compelling reason" to overcome the strong presumption of public access. Plaintiff-Appellant's argument that the public's interest in protecting victims of intimate image disclosure outweighs the interest in open records is misleading and not compelling here. No court has held that Plaintiff-Appellant is a victim of intimate image disclosure or that the Selfie was indeed an intimate image under Washington state law or federal law. Plaintiff-Appellant's voluntary identification of herself as the author of the Selfie in her copyright registration (which will stand regardless) also weighs against sealing the case. The motion should therefore be denied.

## LEGAL ARGUMENT

### I. THIS COURT SHOULD DENY PLAINTIFF-APPELLANT'S MOTION

#### A. THE MOTION IS PROCEDURALLY IMPROPER

Plaintiff-Appellant purports that this motion should be construed as an appeal of the District Court's Order, dated November 13, 2019, which denied Plaintiff-Appellant's request to proceed under a pseudonym ("2019 Order"). Mot. at 2:4-5.

As a matter of procedure, the motion cannot be considered as such. Plaintiff-Appellant had thirty days after the entry of the 2019 Order to file a notice of appeal. Plaintiff-Appellant never did so, and her time to do so has long passed. *See* Fed. R. Civ. P. 4(a)(1)(A). Plaintiff-Appellant's failure to timely file a notice of appeal is fatal to the motion because it deprives this Court of jurisdiction over it. *See Bowles v. Russell*, 551 U.S. 205 (2007) ("We have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature. Accordingly, we hold that petitioner's untimely notice . . . deprived the Court of Appeals of jurisdiction.").

Even if Plaintiff-Appellant had timely filed a notice of appeal of the 2019 Order, this Court would lack jurisdiction to hear it. Federal appellate courts do not have jurisdiction to hear appeals from nonfinal district court decisions (*see* 28 U.S.C. § 1291) unless such an appeal fits within the collateral order exception to the final decision. An appeal of the 2019 Order does not fit within the exception. To fit within the exception, "[t]he [interlocutory] order (1) must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Kuster v. Block*, 773 F.2d 1048, 1049 (9th Cir. 1985). Here, the merits of the issue currently on appeal – whether Plaintiff-Appellant's third amended complaint states a claim for, *inter alia*, invasion of privacy and intimate image disclosure – are inextricably intertwined with Plaintiff-Appellant's request to

4

proceed anonymously. *Doe I v. Burton*, 85 F.3d 635 (9th Cir. 1996) is instructive here. There, this Court noted:

> [B]oth the pseudonym issue and the privacy claims turn on whether the plaintiffs have a legitimate expectation of privacy in matters that are a part of the public record. The pseudonym issue 'cannot be assessed fairly until the substance of both [the plaintiffs'] case and that of the defendant become known.' *Kuster,* 773 F.2d at 1049. . . . We dismiss this interlocutory appeal because the issue presented is not separate from the merits of the plaintiffs' claims.

*Doe I v. Burton*, 85 F.3d 635 (9th Cir. 1996). In other words, absent an appellate decision reversing the District Court's dismissal of Plaintiff-Appellant's invasion of privacy and intimate image disclosure claims, this Court cannot determine whether proceeding anonymously would be appropriate. Accordingly, the Motion should be denied as a matter of procedure.

**B.  IN THE EVENT THIS COURT DOES NOT DENY THE MOTION ON PROCEDURAL GROUNDS, THE COURT SHOULD DENY THE MOTION AS A MATTER OF SUBSTANTIVE LAW**

**1.  PLAINTIFF-APPELLANT IS NOT ENTITLED TO PROCEED UNDER A PSEUDONYM**

Permitting a party to pursue legal proceedings anonymously is unusual as it interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); Fed. R. Civ. P. 10(a) (specifying that "[t]he title of the complaint must name all the parties"). "[A] party may preserve his or her anonymity in judicial proceedings in special

circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Advanced Textile*, 214 F.3d at 1068. Anonymity has generally been permitted: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id*. (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. (internal citations omitted).

The first factor, severity of the harm, weighs against permitting Plaintiff-Appellant to proceed under a pseudonym. Plaintiff-Appellant largely complains of online harassment and harm to her reputation resulting from the public's access to the Selfie, the document at the heart of this dispute. Allowing Plaintiff-Appellant to proceed anonymously does not change the fact that Plaintiff-Appellant copyrighted the Selfie and identified herself as the author even though the work could have been registered under a pseudonym or as "Anonymous." Accordingly, because the Selfie is publicly available under Plaintiff-Appellant's true name, granting this Motion will not dilute any purported harm. More than that, the purported harm itself is not

6

sufficiently severe to warrant granting this Motion. Plaintiff-Appellant cites to online harassment that is allegedly worse than "the generalized harassment that occurs online" and states that "Plaintiff's friends should not be put in the situation of having to verbally defend Plaintiff daily." Mot. at 9. But the purported harassment is occurring in the Forge of Empires online community, which Plaintiff-Appellant continues to voluntarily play. And, Plaintiff-Appellant does not cite to any threats of physical or other serious harm from her election to file this lawsuit and pursue multiple appeals under her true identity. The harassment complained of is more akin to "name-calling" and could likely be eradicated, at least in part, if Plaintiff-Appellant ceased playing Forge of Empires. The severity of the threatened harm is far less severe than in those cases where anonymity was permitted. *See, e.g.*, *Advanced Textile Corp.*, 214 F.3d at 1058 (use of pseudonym permitted due to real fear of deportation); *United States v. Doe*, 655 F.2d 920 (9th Cir. 1980) (use of pseudonym permitted to protect persons from retaliation by prison inmates).

The second factor, the reasonableness of the party's fears, also weighs against allowing Plaintiff-Appellant to proceed under a pseudonym. Plaintiff-Appellant contends that other people know about the lawsuit and that she fears that such knowledge will negatively affect her reputation as a lawyer. Plaintiff-Appellant knew or should have known of the potential reputational harm of pursuing a *pro se* litigation on the claims at issue here at the time she chose to file the lawsuit. Plaintiff

in essence asks this Court to hide the existence of a lawsuit she chose to file from potential employers. Relatedly, Plaintiff-Appellant's generalized fears about harm to her reputation and difficulty finding employment are insufficient as a matter of law. *See Doe v. Bergstrom*, 315 Fed. App'x 656, 656-57 (9th Cir. 2009) (stating that fear of facing "difficulties finding employment" was insufficient to compel leave to proceed anonymously); *see also Doe v. Georgia-Pacific, LLC*, 2012 WL 13223668 (C.D. Cal. Sept. 26, 2012) (denying plaintiff's request to file under a pseudonym in order to avoid adverse employment repercussions).

The third factor—vulnerability to retaliation—also weighs in favor of denying the motion. Plaintiff-Appellant claims that attorneys are particularly vulnerable to retaliation. Attorneys do not fall within the class of vulnerable people that this factor seeks to protect. For example, this factor has weighed in favor of the party seeking to proceed anonymously where the movant was a child plaintiff or long-term prison inmate. *See Advanced Textile Corp.*, 214 F.3d at 1068 (collecting cases).

In *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010), this Court, in applying *Advanced Textiles* factors, also considered the public's interest in open judicial proceedings.[1] Plaintiff-Appellant's desire for anonymity is outweighed by

---

[1] Plaintiff-Appellant purports that Defendants-Appellees have "unclean hands" as they have, as improperly pleaded, facilitated Plaintiff-Appellant's harassment. The allegation is false and as the District Court held, Defendants-Appellees had no legal obligation to protect Plaintiff-Appellant from the conduct she complains of.

8

the public's common law right of access to judicial proceedings. The public has an inherent interest in open proceedings, given the "paramount importance of open courts." *Kamehameha Schs.,* 596 F.3d at 1046; *see also Advanced Textile Corp.*, 214 F.3d at 1067 (the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings"). Also, any damage from this case's publicization has already been incurred; therefore, the need for the "cloak of anonymity" is not apparent. Likewise, the cloak of anonymity will not protect Plaintiff-Appellant from the fact that she identified herself as the author of the Selfie to the U.S. Copyright Office despite the one-click option given on her during the application process to do just that. *See, e.g.*, *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (affirming denial of leave to proceed pseudonymously where the plaintiff "had already suffered the worst of the publicity and embarrassment"); *Luo v. Wang*, 71 F.4th 1289, 1294 (10th Cir. 2023) (concluding that "the injury [the plaintiff] litigated against[,] ... [the defendant's previous] alleged defamation and disclosure of her private information—would not be incurred as a result of the disclosure of her identity in this case") (internal quotation marks and modification omitted); *Raiser v. Church of*

---

Plaintiff-Appellant's "suspicions" that individual defendants Julie Blan or Richard Stephenson were engaging in harassment are just that: speculative suspicions. This Court should ignore these unsubstantiated allegations.

9

*Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811-812 (10th Cir. 2006) ("In cases where the sensitive information has already been disclosed ... the social interest in allowing a party to proceed anonymously is limited.") (internal citation omitted).

Separately, Plaintiff-Appellant purports that she is *per se* entitled to proceed under a pseudonym because the third amended complaint alleges a claim for intimate image disclosure pursuant to 15 U.S.C. § 6851 and the statute itself provides for plaintiffs asserting intimate image disclosure claims to proceed anonymously. Although 15 U.S.C. § 6851 provides that a court can grant injunctive relief to maintain the confidentiality of a plaintiff using a pseudonym, the statute also provides courts with discretion to decide whether or not to allow a plaintiff to proceed under a pseudonym. The language of the statute is discretionary, not mandatory. It states, in pertinent part: ". . .the court *may* grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851 (emphasis added).[2] Accordingly, courts have denied motions to proceed under pseudonym even where a plaintiff alleges a claim under 15 USCA § 6851, *see, e.g.*,

---

[2] Courts in other circuits have gone as far as to interpret the statute as "provid[ing] for injunctive relief maintaining the plaintiff's confidentiality" only "*in the event his or her claim succeeds.*" *See Doe v. McCoy*, 2024 WL 843908, *9 (N.D. Ga. Feb. 28, 2024). Under such an interpretation, the Motion should be denied. To date, Plaintiff-Appellant's 15 U.S.C. § 6851 claim has not succeeded; it was dismissed by the District Court.

10

*Doe v. Maloit*, 2025 WL 358134 (D. Colo. Jan. 31, 2025), and this Court has the discretion to do so here based on the above analysis.

### 2. PLAINTIFF-APPELLANT IS NOT ENTITLED TO SEALING

As an alternative to proceeding under a pseudonym, Plaintiff-Appellant requests that the entire case be sealed. The sealing of an entire court proceeding is an extreme measure which is not warranted here. The party seeking to seal a judicial record must overcome the strong presumption of public access by stablishing a "compelling reason" justifying sealing. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" 3 *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589 (1978)). However, the court must articulate a "factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana,* 447 F.3d at 1179. Even after finding a compelling reason, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana,* 447 F.3d at 1179) (alterations in original).

Plaintiff-Appellant has not provided a "compelling reason" to seal the entire case. She contends: "The specific public interest in protecting victims of intimate image disclosure is stronger than the public's general interest in open Court records."

11

Mot. at 13. Plaintiff-Appellant's reasoning is not compelling first, because this Court has not yet made a determination that Plaintiff-Appellant is in fact, a victim of intimate image disclosure. Indeed, the District Court not only dismissed those claims against Defendants, but it also denied Plaintiff-Appellant's motion to seal the Selfie, holding, "The Court agrees with Defendants' contention that publication of the photograph is unlikely to cause harm to Plaintiff, since there is nothing in the photograph that is a violation of the right of privacy and publicity or a violation of any applicable statute." This Court should not seal the entire case – an extraordinary remedy – absent a determination on the underlying appeal that the District Court erred on this point. Finally, Plaintiff's choice to identify herself as the author of the Selfie to the U.S. Copyright Office also weighs against sealing this case. A sealing order will not undo Plaintiff-Appellant's voluntary identification of herself in the registration. Accordingly, Plaintiff-Appellant's request to seal this case should be denied.

12

## CONCLUSION

For the reasons set forth above, Plaintiff-Appellant's Motion should be denied.

Respectfully submitted,

*s/ Diana Siri Breaux* .

Diana Siri Breaux
SUMMIT LAW GROUP, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
(206) 676-7000
dianab@summitlaw.com

Alan Behr
PHILLIPS NIZER LLP
485 Lexington Avenue
New York, NY 10017
(212) 977-9700
abehr@phillipsnizer.com

Counsel for Defendants-Appellees

13

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitations of Fed. R. App. P. 32(f) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,894 words and complies with the word limit of Cir. R. 32-1.

2.      This brief complies with the typeface and type size requirements of Fed. R. App. P.32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: July 21, 2025.

*s/ Diana Siri Breaux*
Diana Siri Breaux


*Counsel for Defendants-Appellees*

14

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 21, 2025 and a hard copy will be sent to the following via FedEx:

Penny Quinteros
19338 133rd Place, SE
Renton, WA 98058
(206) 661-8292
elilyn@comcast.net

Dated: July 21, 2025

*s/ Diana Siri Breaux*
Diana Siri Breaux

*Counsel for Defendants-Appellees*

15